IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00355-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

FARAJI ASWAD ABDALLA,

 Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Rajiv Mohan, Assistant United States Attorney, and the defendant, Faraji Aswad Abdalla, personally and by counsel, Mary Butterton, Assistant Public Defender, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

**A. *Defendant's Obligations*:**

The defendant agrees to (1) plead guilty to Count 1 of the indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm or ammunition by a previously convicted felon; (2) admit to the forfeiture allegation in the indictment, as detailed below; and (3) waive his appeal rights, as detailed below.

**B. *Government's Obligations*:**

In exchange for the defendant's plea of guilty and waiver of his appellate rights, the United States agrees to (1) dismiss Count 2 of the indictment at sentencing; (2)

1

Court Exhibit

1

recommend the Court give the defendant full credit for acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under U.S.S.G. §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing; and (3) as to imprisonment, recommend a sentence at the bottom of the advisory guideline range as finally calculated by the Court.

### C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 21; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived

of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

### D. Forfeiture and Abandonment of Right, Title, and Claim to Seized Property

The defendant admits to the forfeiture allegations contained in the indictment. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or the defendant's nominees or elsewhere. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose on the defendant in addition to forfeiture.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which the defendant will plead guilty are as follows:

*First*: The defendant knowingly possessed a firearm or ammunition.

*Second*: The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition.

*Third*: At the time he possessed the firearm or ammunition, the defendant knew that he had been convicted of such an offense.

*Fourth*: Before the defendant possessed the firearm or ammunition, the firearm

3

or ammunition had moved at some time from one state to another.

### III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is not more than 10 years of imprisonment; not more than a $250,000 fine, or both; not more than 3 years of supervised release; and a $100 special assessment fee. If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

### IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts that do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows: On April 10, 2020, Denver Police Department officers conducted a traffic stop on a car that belonged to the defendant and which he was driving. There was a hidden compartment in the center console of the vehicle, inside of which was a Glock Model 26 9mm pistol with serial number ADLV647. Directly beneath the firearm was a high-capacity drum magazine and another extended magazine, both of which contained 9mm ammunition. Abdalla possessed the Glock Model 26 The firearm had also crossed state lines before April 10, 2020 and had been reported stolen out of Denver in July 2019.

On April 22, 2020, Denver Police Department conducted another traffic stop on a car that the defendant was driving. Inside the car was a Glock Model 23 .40 caliber pistol with serial number YMB224. Abdalla possessed this firearm as well. The firearm had crossed state lines before April 22, 2020.

As of April 10, 2020, Abdalla had been convicted of a felony offense and knew that he had been convicted of such an offense.

## VI.    ADVISORY GUIDELINE COMPUTATION AND 18 U.S.C. § 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines (U.S.S.G.). To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

5

A. The base offense level is **22**. U.S.S.G. § 2K2.1(a)(3).

B. Specific offense characteristics: There is a **2-level** increase because a firearm was stolen. U.S.S.G. § 2K2.1(b)(4)(A).

C. Adjustments: There are no victim-related, role-in-offense, obstruction, and/or multiple count adjustments.

D. The adjusted offense level therefore would be **24**.

E. The defendant should receive a 3-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The resulting total offense level therefore would be **21**.

F. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it appears that the defendant's criminal history category would be **IV**.

G. <u>Imprisonment</u>: The advisory guideline range of imprisonment resulting from an offense level of 21 and the above criminal history category of IV is **57-71 months**. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 37 to 96 months.

H. <u>Fine</u>: Pursuant to § 5E1.2, assuming an estimated offense level of 21, the fine range for this offense would be $15,000 to $150,000, plus applicable interest and penalties.

I. <u>Supervised Release</u>: The guideline range of supervised release under § 5D1.2(a)(2) is at least 1 year but not more than 3 years.

The parties understand that, although the Court will consider the parties' guideline estimate, the Court must make its own determination of the applicable guideline range. In doing so, the Court is not bound by the position of any party. The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 5-17-21

Faraji Aswad Abdalla
Defendant

Date: 5/17/21

Mary Butterton
Attorney for the Defendant

Date: 5/16/2021

Rajiv Mohan
Assistant United States Attorney

7