IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   20-cr-00355-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

FARAJI ASWAD ABDALLA,

       Defendant.
_____

**MOTION FOR NON-GUIDELINE SENTENCE
AND SENTENCING STATEMENT**
_____

The defendant, Faraji Abdalla ("Mr. Abdalla" or "Faraji"), by and through undersigned counsel, Mary V. Butterton, respectfully moves this Court to impose a sentence of 36 months at his sentencing hearing set for September 23, 2021. The requested sentence is below the advisory guideline range, but is a sufficient but not greater than necessary for this defendant in this case.

\*\*\*

Faraji Abdalla has a gun problem. This characterization may seem strange, but Faraji's relationship with guns is as deep-rooted as a drug addiction. A tale of drug addiction usually has a distinct beginning- a story of peer pressure, or of an injury and painkillers. Mr. Abdalla's relationship with guns also has a moment of origin: when Faraji was a 16-year-old kid, hanging on the streets to escape his rough home life, Faraji's cousin was killed by gun violence. That single incident has led him to a path of paranoia and fear; this fear is the root of his need to have a gun, to draw first, to scare off any

situation in which he feels threatened. At age 16, that fear led him to shoot first in another encounter with a rival gang member; Faraji was charged as an adult in that case and at age 17, was sentenced to 23 years in prison. But those early gang roots didn't end with that conviction- he was thereafter renowned in the Denver gang community. He has had a target on his back ever since.

While one incident was the catalyst, the stage of gun violence and run-ins with the law has been set for Mr. Abdalla since childhood. He was raised by a single mother, who struggled to raise four children in the Curtis Street Projects in Denver. When he was twelve, his mother was sentenced to two years in prison for assault on a police officer. Shortly after, his two older brothers were incarcerated and Faraji was sent to live with his father, who had his own struggles. Like many kids before him, he escaped the negativity at home with friends he made on the streets, and became gang-involved at a very young age. This gang involvement, and the ego-driven, status-centric territorial attitudes that accompanied it, was the gateway for Faraji's exposure to violence and guns. He credits his time in prison – from age 16 to age 28 – in keeping him alive.

After his release from prison in 2015, Faraji was determined to separate himself from the lifestyle that put him in situations where he felt threatened. But while the world was very different than it was over a decade earlier, one thing remained: the gang community knew Faraji, and he became a target for young gang members to prove themselves. This constant fear has only exacerbated as several friends and family members have been killed by gun violence in the past few years, most recently his best friend in 2019. Faraji, now a father of young girls, lives in fear that some young gang member will attack him at any moment.

In April 2020, Faraji Abdalla did what he knew he wasn't allowed to do: he armed himself. He was arrested for possessing a gun in his car on April 10, 2020, after being pulled over by law enforcement; twelve days later arrested for the same offense, again after being subjected to a traffic stop. While this may seem like flagrant disrespect for the law, an understanding of Faraji's history puts these back-to-back incidents in a different light: how frightened must a man be, if he feels he must arm himself, even as he knows that the police can, will, and frequently do pull him over at any given opportunity?

Further: how many loved ones killed by gun violence justify a gun possession? The law makes no exception for trauma, or paranoia, or even a constant fear that at any moment, someone from a rival gang could gun you down. But in considering the appropriate sentence here, this Court can and should consider the full history and characteristics of Mr. Abdalla, and the fear that he lives with daily.

Mr. Abdalla is facing a serious federal felony conviction and expects this Court to take this conduct seriously. Incarceration numbered in years is appropriate. The guideline range, correctly calculated in the Plea Agreement (Doc. 22), suggests a range of imprisonment of 57 to 71 months. But five or six years of incarceration- something that Faraji has plenty of experience with - will not fix the underlying problems. Mr. Abdalla knows that one way to escape the cycle of violence and his history is to leave Denver, but with four children in the Metro area, that option has seemed impossible. Now, he recognizes that he must to come to terms with the root of his compulsion to be armed if he is going to be out of prison and around for his children.

The facts of this case, examined alone, may trigger an immediate consideration of a lengthy term of imprisonment. But a consideration of *this* defendant- his history, his need for treatment, and his sincere examination of himself and the roots of his behavior (which he hopes to expound on in allocution) - warrant the requested sentence of 36 months. Faraji acknowledges that upon release, he will need both structure and treatment to prevent a return to this same path. Structure will come in the form of supervision, a condition to stay away from gang members, and a search condition- one he is not objecting to- to add another level of deterrence to the possession of a firearm. Second, and equally important, is treating the mental health issues that underlie this "need" to protect himself. While he doesn't have a specific mental health history, studies have shown that men who are exposed to urban violence as youths have distinct and extensive traumas - and cognitive behavioral therapy (CBT) is a best-practice treatment.[1] CBT may be the key to helping Faraji maintain stability, change his perception of his surroundings, and learn coping skills to address his deep-rooted fears.

/ / /

---

[1] Reichert, J., Ruzich, D., & Osher, M. (2015). *Male survivors of urban violence and trauma: A qualitative analysis of jail detainees.* Chicago, IL: Illinois Criminal Justice Information Authority (accessible at http://www.icjia.state.il.us/assets/articles/MALE%20SURVIVORS%20OF%20URBAN%20VIOLENCE%20AND%20TRAUMA%20report%20FINAL.pdf).

In light of Mr. Abdalla's history and characteristics, three years of custody, paired with three years of supervision to follow, is the necessary and appropriate sentence in this case.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/Mary Butterton
MARY BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
Fax:  (303) 294-1192
mary.butterton@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Colleen Covell, AUSA
Email: colleen.covell@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Via U.S. Postal Service, regular mail
Faraji Jared Abdalla
Reg. No. 44455-013
Englewood FDC Unit
9595 West Quincy Avenue
Littleton, CO 80123

          s/Mary Butterton
          MARY BUTTERTON
          Assistant Federal Public Defender
          633 17th Street, Suite 1000
          Denver, CO  80202
          Telephone:  (303) 294-7002
          Fax:  (303) 294-1192
          mary.butterton@fd.org
          Attorney for Defendant