IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00355-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FARAJI ASWAD ABDALLA,

    Defendant.

## RESPONSE TO PSR OBJECTIONS

The United States of America submits this response to defendant Faraji Aswad Abdalla's objections (Doc. 27) to the presentence report (Doc. 26).

**I.**    **Felony Menacing**

Abdalla first argues that felony menacing under Colorado law is not a "crime of violence" under the guidelines.

A "crime of violence" includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" U.S.S.G. § 4B1.2(a)(1).  In determining whether an offense counts, the court applies the categorical approach—that is, the elements of the offense must necessarily satisfy the definition irrespective of the underlying facts.  *See United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017).

Here, the elements of felony menacing are that the defendant [1] "knowingly places or attempts to place another person in fear of imminent serious bodily injury" by

1

either [a] "the use of a deadly weapon or any article used or fashioned in a manner to cause a person to reasonably believe that the article is a deadly weapon; or [b] "the person representing verbally or otherwise that he or she is armed with a deadly weapon."  C.R.S. § 18-3-206 (eff. 2000).  Because a defendant must knowingly place or attempt to place another in fear of imminent serious bodily injury, there is no way to satisfy the statute without at least the threatened use of physical force against another.

To wit, the Tenth Circuit has held on multiple occasions that the elements of felony menacing necessarily include the use, attempted use, or threatened use of physical force against another.  To start, in *United States v. Herron*, 432 F.3d 1127, 1138 (10th Cir. 2005), the court held that felony menacing is a "violent felony" under the Armed Career Criminal Act because, in requiring that the defendant knowingly place or attempt to place another in fear of imminent serious bodily injury, the offense "easily satisfies the requirement of 'the threatened use of physical force against the person of another[.]'"  Then in *United States v. Armijo*, 651 F.3d 1226, 1232 (10th Cir. 2011), the court reaffirmed *Herron* and held once again that "Colorado felony menacing requires as an element the use or threatened use of physical force" and therefore qualified as a crime of violence under the guidelines themselves.

Abdalla responds that *Herron* and *Armijo* dealt with a prior version of the felony-menacing statute.  He further contends that the version he was convicted under is broader in that the offense can now be committed by use of not only a deadly weapon, but also some other article used in such a way that one might reasonably believe it is a deadly weapon, or through verbal representations alone.

But the Tenth Circuit addressed the new version of the statute in *United States v. Damaso-Mendoza*, 653 F.3d 1245 (10th Cir. 2011), and held that the offense still qualifies as a "crime of violence" under the immigration laws, which use an indistinguishable definition.  *See* 8 U.S.C. § 16(a) ("the use, attempted use, or threatened use of physical force against the person or property of another").  The court explained that "using a fake weapon still places the victim in fear of injury from a real weapon" and so the offense involves at least the threatened use of force.  *Id*. at 1250.  Moreover, a verbal representation by itself "still requires the defendant to issue a threat that places or attempts to place another in fear of bodily injury from a deadly weapon" and therefore involves the threatened use of physical force against another person.  *Id*.

This court has no lawful basis to set aside this Tenth Circuit precedent, and for that reason alone it should overrule Abdalla's objections.  His remaining arguments to the contrary are meritless in any case.

Abdalla says that the statute can be violated with conduct done solely for purposes of whimsy, humor, or prank.  But recall that the statute requires the defendant to *knowingly* place or attempt to place another in fear of serious imminent bodily injury.  That means he must be "*aware* that he is placing or attempting to place another person in fear of imminent serious bodily injury by the use of a deadly weapon, regardless of whether or not [he] had a conscious objective to cause such fear in the other person." *People v. Crump*, 769 P.2d 496, 499 (Colo. 1989) (emphasis added).

The Supreme Court has offered an example to explain why this sort of knowing conduct suffices irrespective of a defendant's subjective feelings on the matter:

3

> Purposeful conduct is obvious.  Suppose a person drives his car straight at a reviled neighbor, desiring to hit him.  The driver has, in the statute's words "used physical force against the person of another."  The same holds true for knowing behavior.  Say a getaway driver sees a pedestrian in his path but plows ahead anyway, knowing the car will run him over.  That driver, too, fits within the statute:  Although he would prefer a clear road, he too drives his car straight at a known victim.  Or said otherwise, both drivers (even for different reasons) have consciously deployed the full force of an automobile at another person.

*United States v. Borden*, 141 S. Ct. 1817, 1826-27 (2021) (cleaned up).

The same is true here.  Maybe a defendant in his heart meant only to humor himself, but if he *knew* that his conduct would place another person in fear of serious imminent bodily injury—as he must under the statute—he has at least threatened the use of physical force against another all the same.

For this reason, *United States v. Titties*, 852 F.3d 1271 (10th Cir. 2017) distinguishes itself.  The offense there could be satisfied simply by pointing a gun at someone for the purpose of whimsy, humor, or prank.  *Id.* at 1271 (listing elements).  There was no requirement that the defendant knowingly place the victim in fear of serious imminent bodily injury.  *Id.*  The statute in *Titties*, then, indeed covered non-violent conduct.  The statute here does not.

Insofar as Abdalla argues that Colorado's felony-menacing statute sweeps as broadly as the statute in *Titties*, his argument cannot be reconciled with the statutory text or the Colorado Supreme Court's interpretation if it.  *See Crump*, 769 P.2d at 499.  Moreover, under the categorical approach, he must show "a realistic probability, not a theoretical possibility, that the [s]tate would apply its statute to conduct that falls outside" the federal definition.  *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).  That means he "must at least point to his own case or other cases in which the state courts in

4

fact did apply the statute in the … manner for which he argues." *Id.* His citation to a newspaper article notwithstanding, Abdalla has not shown that the Colorado courts would apply the statute in the manner he suggests. He is left with "the application of legal imagination to a state statute's language[,]" which is not enough. *Id.*

Finally, Abdalla's reliance on *United States v. Borden*, 141 S. Ct. 1817, 1826 (2021) is misplaced. There, the Supreme Court held that, because the use, attempted use, or threatened use of physical force must be directed "against the person of another[,]" reckless conduct does not count. But the statute here involves knowing conduct. And the Supreme Court was clear that "the clause covers purposeful and knowing acts, but excludes reckless conduct[.]" *Id.* The example from *Borden* given above explains exactly why.

## II.     Remaining Objections

The presentence report awarded a point to Abdalla's sentence for felony menacing because it resulted "from a conviction of a crime of violence" that did not otherwise receive points because it was treated as a single sentence with another one. U.S.S.G. § 4A1.1(e). Here, Abdalla's sentence for felony menacing was imposed on the same day as convictions for discharge of a firearm and attempted first-degree murder and appears to be part of the same charging document. PSR ¶ 34. Consequently, under § 4A1.2(a)(2), the felony-menacing sentence is otherwise treated as a single sentence with those other sentences. Thus, by the plain terms of the guideline, if felony menacing is a crime of violence, it should receive an additional point under § 4A1.1(e). Abdalla's two arguments to the contrary miss the mark.

*First*, Abdalla cites application note 5, which discusses a potential application of § 4A1.1(e), where the defendant committed two robberies on different occasions. From that example, Abdalla infers that § 4A1.1(e) is intended to only cover offenses committed on different occasions. But nothing in the application note suggests that this example is anything more than, well, an example. *See* U.S.S.G. § 4A1.1(e), application note 5 ("For example, a defendant's criminal history includes two robbery convictions for offenses committed on different occasions.") (emphasis added). Under the plain terms of the guidelines, multiple offenses committed on the same occasion are counted together if they are contained in the same charging document or imposed on the same day. U.S.S.G. § 4A1.2(a)(2). If one of those sentences happens to result from a crime of violence, it receives an additional point under § 4A1.1(e).

*Second*, Abdalla contends that his felony-menacing offense occurred when he was a juvenile, and the guidelines are silent about whether an offense committed as a juvenile should count under § 4A1.1(e). By way of background, § 4A1.2 generally provides definitions and instructions for computing criminal history under § 4A1.1. As for offenses committed as a juvenile, § 4A1.2(d) specifies when those convictions should receive points under § 4A1.1(a), (b), and (c)—but not (e). From that putative silence, Abdalla gleans that sentences for offenses committed as a juvenile should receive no points under § 4A1.1(e).

But the text and structure of the guidelines proves otherwise. Specifically, § 4A1.1(e) refers to any "prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such

6

sentence was treated as a single sentence[.]" By its plain terms, § 4A1.1(e) awards a point to any prior sentence for a crime of violence that would otherwise receive points under § 4A1.1 (a), (b), or (c), but does not because it is treated as a single sentence. The provision therefore presumes that a prior sentence would otherwise count under (a), (b), or (c), and therefore the rules governing that question apply equally under (e).

One of those rules is § 4A1.2(d) and its treatment of offenses committed as a juvenile. Abdalla does not dispute that, standing alone, his sentence for felony menacing would receive three points under § 4A1.1(a) by operation of § 4A1.2(d)(1). The sentence does not receive three points under § 4A1.1(a) only because it is treated as a single sentence under § 4A1.2(a)(2). Thus, the prior sentence for felony menacing falls squarely within the operation of § 4A1.1(e). It is a sentence that otherwise would receive points under § 4A1.1(a), but does not because it is treated as a single sentence—which is exactly what § 4A1.1(e) covers.

Dated: September 15, 2021

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By: s/ *Rajiv Mohan*
Rajiv Mohan
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0406
E-mail: Rajiv.Mohan@usdoj.gov

Attorneys for Government

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case:

Mary Butterton                          Mary_Butterton@fd.org

                                                                By: s/ *Rajiv Mohan*
                                                                Rajiv Mohan
                                                                Assistant U.S. Attorney
                                                                U.S. Attorney's Office
                                                                1801 California Street, Suite 1600
                                                                Denver, CO 80202
                                                                Telephone: 303-454-0100
                                                                Fax:  303-454-0406
                                                                E-mail:  Rajiv.Mohan@usdoj.gov